# Decisions of the Supreme Court of Missouri,

## ST. LOUIS DISTRICT, SEPTEMBER TERM, 1830.

### Miller v. Conway.

A person injured or defrauded by any fraudulent conveyance, may maintain an action of debt for double damages against the parties privy thereto, before conviction of the criminal charge.

ERROR to St. Louis Circuit Court.

Tompkins, J., delivered the opinion of the Court.

This is an action on the case, founded on the 39th section of the act concerning crimes and misdemeanors. It was brought to recover damages for loss which the plaintiff alledges he sustained by the fraudulent conduct of the defendant. After verdict for the plaintiff below, the Court arrested the judgment, because there was no conviction of the defendant alledged in the declaration.

The defendant in error insists that the true construction of the statute requires that such conviction should be stated in the declaration, and that the declaration is erroneous in stating several distinct causes of action in one count. On this last reason for sustaining the judgment of the Circuit Court, the counsel have not insisted.

The action is founded on the 39th section of the act concerning crimes and misdemeanors. The words are: "that all and every the parties and others being privy to any fraudulent conveyance of any lands, &c., he, she or they so offending shall, on conviction, be fined in a sum not exceeding one thousand dollars; and shall, moreover, be liable to any and every person who may be injured or defrauded by any of the (214) means aforesaid, in double damages, to be recovered by action of debt, or on the case, in any Court having jurisdiction thereof."

The Court is inclined to the opinion that the Legislature did not intend conviction of the criminal charge to precede the action for damages. If we regard the con-

struction of the sentence, the sense seems plain, " shall on conviction be fined in a sum," &c., " and *shall moreover be liable.*"

But it might be asked for what purpose should conviction precede the action for damages, and be alledged in the declaration. If it be a material allegation, it must be proved. Certainly every rule of evidence would be violated by making the record of conviction evidence of the plaintiff's right to recover in a civil action.

The judgment of the Circuit Court is reversed, and the cause remanded for further proceedings in conformity with this opinion.